# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:06-cr-00239-RCJ-PAL-1 |
| vs. | ) | |
| | ) | |
| KURT J. MYRIE et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

A grand jury indicted Defendants Kurt Myrie, Dominic Davis, and Harlon Jordan of: (1) conspiracy to commit bank robbery; (2) armed bank robbery; (3) brandishing a firearm during, in relation to, and in furtherance of a conspiracy to commit bank robbery; and (4) brandishing a firearm during and in relation to a crime of violence (consolidated with Count 3). (Superseding Indictment, ECF No. 36). Myrie pled guilty to all counts, and a jury found Davis and Jordan guilty on all counts. All three Defendants appealed, and the Court of Appeals affirmed the convictions and sentences.

Defendants filed habeas corpus motions under 28 U.S.C. § 2255 arguing that the bank robbery and conspiracy charged in Counts 1 and 2 that formed the basis for the brandishing offense in Count 4 were not "crime[s] of violence" under 18 U.S.C. § 924(c)(3) because the residual clause thereunder defining "crime of violence" is similar to the residual clause of § 924(e)(2), which the Supreme Court had struck down as unconstitutionally vague. *See Johnson v. United States (Johnson II)*, 135 S. Ct. 2551 (2015). The Court denied the motions for reasons it will not recite here.

1  Myrie has asked the Court to stay or withdraw its order denying habeas corpus relief
2  because, unlike his co-Defendants, he had not yet (and still has not) received permission from the
3  Court of Appeals under § 2255(h) to file the successive motion in the first instance. *See United*
4  *States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2007). He argues that the Court should therefore
5  not have ruled on his motion. But as Myrie admits, he had no permission to file the motion at all,
6  so it is difficult to see how the Court could have erred in denying it. If the Court of Appeals were
7  to grant Myrie permission to file a successive motion and he does so, the Court would of course
8  consider it on the merits, without considering the Court's merits discussion in the previous joint
9  order binding under the law-of-the-case doctrine as against Myrie—which is not to say that the
10 Court's opinion of the same legal issues as to co-Defendants in this case or defendants in other
11 cases would change. But the Court disagrees that it had no jurisdiction to deny the admittedly
12 improperly filed motion. Indeed, a district court *must* deny (or refer to the court of appeals) an
13 uncertified second or successive ("non-jurisdictional") § 2255 motion. *See Bucci v. United*
14 *States*, 809 F.3d 23, 26 (1st Cir. 2015). The Court rejects the argument that it may not deny a
15 motion precisely because a litigant does not have permission to file it. To rule that a court may
16 not only not grant a non-jurisdictional motion but also may not deny it (but rather must permit it
17 to linger indefinitely on the docket) would elevate form over substance. And that is not the
18 accepted practice either generally or under § 2255. Indeed, General Order 2015-03 specifically
19 addresses non-jurisdictional *Johnson*-type § 2255 motions and states that courts of this District
20 should stay and refer *potentially meritorious* non-jurisdictional § 2255 motions. The clear
21 implication is that the default practice of denying non-meritorious non-jurisdictional § 2255
22 motions should persist in *Johnson*-type cases. To determine whether to deny such a motion or to
23 stay and refer it, however, a court must examine the merits. The only absolutely forbidden
24 practice would be to purport to *grant* habeas corpus relief as to a non-jurisdictional motion.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 228) is DENIED.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

                                                           _____
                                                                ROBERT C. JONES
                                                            United States District Judge