# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:06-cr-00239-RCJ-PAL-1 |
| vs. ) | |
| ) | |
| KURT J. MYRIE et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

Defendant Kurt Myrie pled guilty to: (1) conspiracy to commit bank robbery; (2) armed bank robbery; (3) brandishing a firearm during, in relation to, and in furtherance of a conspiracy to commit bank robbery; and (4) brandishing a firearm during and in relation to a crime of violence. The Court sentenced him to a total of 194 months of imprisonment. He appealed, and the Court of Appeals affirmed his convictions and sentences. Defendant filed a habeas corpus motion under 28 U.S.C. § 2255, arguing that the bank robbery that formed the basis for the brandishing offense was not a "crime of violence" under 18 U.S.C. § 924(c)(3), because the residual clause thereunder defining "crime of violence" was similar to the residual clause of § 924(e)(2), which the Supreme Court had struck down as unconstitutionally vague. *Johnson v. United States (Johnson II)*, 135 S. Ct. 2551 (2015). The Court denied the motion. Myrie asked the Court to stay or withdraw its order because he had not yet received permission from the Court of Appeals under § 2255(h) to file the successive motion. The Court denied the motion.

The Court of Appeals has since granted Defendant permission to file a successive § 2255 motion, and Defendant has asked the Court to stay its ruling until the Supreme Court resolves a

certiorari petition as to *United States v. Blackstone*, --- F.3d ----, 2018 WL 4344096 (9th Cir. 2018). The Court denies the motion to stay, because no result of *Blackstone* can aid Defendant. The Court can assume for the sake of argument that the present motion is timely under § 2255(f)(3)—the relevant contested issue in *Blackstone*—and the merits will still require denial. Since Defendant first filed his motion, the Court of Appeals has held that bank robbery remains a categorical "crime of violence" under the physical force clause of § 924(c)(3)(A), regardless of *Johnson II*'s invalidation of the residual clause of § 924(c)(3)(B). *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (agreeing with every other Court of Appeals to decide the issue).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 247), the Motion to Vacate (ECF No. 216), and a certificate of appealability are DENIED.

IT IS SO ORDERED.

Dated: This 7th day of November, 2018.

                                                                        _____
                                                                         ROBERT C. JONES
                                                                    United States District Judge